**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TONEY FREEMAN,** | § | |
| | § | |
| **DEFENDANT.** | § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant Toney Freeman ("Defendant") hereby removes Case No. 199-01007-2018 from the 199th Judicial District Court, Collin County, Texas, to this Court pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441. As grounds for this removal, Defendant states as follows:

### I.
### PROCEDURAL HISTORY

1.    Plaintiff filed suit against Defendant in the 199th Judicial District Court, Collin County, Texas, on March 2, 2018.

2.    Defendant was served with the citation and a copy of Plaintiffs' Original Petition (the "Petition") on March 2, 2018.

### II.
### BASIS FOR REMOVAL

3.    A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

4.    District courts have original jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

5.      This action is removable because (1) complete diversity exists between Plaintiff and Defendant and (2) the amount in controversy exceeds $75,000.

6.      Additionally, this Court is appropriate for purposes of removal because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

## A.    There is complete diversity.

7.      Complete diversity requires that "the citizenship of each plaintiff [be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

8.      A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

9.      Conversely, a natural person is a citizen of the state in which that person is domiciled. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc*., 485 F.3d 793, 797 (5th Cir. 2007).

10.      Plaintiff is a Texas corporation with its principal place of business at 901 Sam Rayburn Highway, Melissa, Texas 75454. Ex. A (Petition at ¶ 2); Ex. C (Texas Comptroller of Public Accounts Taxable Entity Search).

11.      Defendant is domiciled at 1740 Highland Oaks Way, Lawrenceville, Georgia 30043 and is, therefore, a citizen of the State of Georgia. Ex. A (Petition at ¶ 3).

12.      Accordingly, complete diversity exists between Plaintiff and Defendant, and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

## B.    The amount in controversy exceeds $75,000.

13.      If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for

federal jurisdiction are met, including that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

14.    In general, the amount in controversy is determined by the amount sought on the face of the state court petition . . . ." *Susan Jung v. 24 Hour Fitness USA, Inc.*, No. 4:17-CV-787, 2017 WL 6498105, at *4 (E.D. Tex. Dec. 19, 2017).

15.    Here, Plaintiff's Petition states that "Plaintiff seeks monetary relief of more than $1,000,000[,]" well above the jurisdiction threshold. Ex. A (Petition at ¶ 1). Accordingly, the amount in controversy requirement is satisfied.

**C.    Timeliness of Notice of Removal**

16.    Generally, a defendant is required to file a notice of removal of a civil action within 30 days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

17.    Here, Defendant was served with a copy of the Petition on March 2, 2018. *See* Ex. A (Certified Docket Sheet). Accordingly, the applicable removal deadline is April 1, 2018. Because Defendant has filed this Notice of Removal on March 23, 2018, this removal is timely.

**IV.**
**PARTIES TO THE CASE**

18.    Pursuant to Eastern District Local Rule 81(c)(1), the current status of the removed case is "pending" and the following is a list of all parties in the case and their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.):

| <u>Party Name</u> | <u>Party Type</u> |
|---|---|
| Pruvit Ventures, Inc. | Plaintiff |
| Toney Freeman | Defendant |

## V.
### PAPERS FROM REMOVED ACTION

19.     Pursuant to 28 U.S.C. § 1446(a) and Eastern District Local Rule 81(c)(2), a certified copy of the state court docket sheet and a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.), all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) are attached to this notice as Exhibit A.

## VI.
### LIST OF ATTORNEYS

20.     Pursuant to Eastern District Local Rule 81(c)(3), the following is a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by him/her:

| **Name** | **Contact Information** | **Bar Number** | **Party Represented** |
|---|---|---|---|
| Mark L. Hill | Scheef & Stone, L.L.P. 2600 Network Blvd. Suite 400 Frisco, TX 75034 (214) 472-2100 (t) (214) 472-2150 (f) | 24034868 | Plaintiff Pruvit Ventures, Inc. |
| Anna S. Brooks | Scheef & Stone, L.L.P. 2600 Network Blvd. Suite 400 Frisco, TX 75034 (214) 472-2100 (t) (214) 472-2150 (f) | 24074147 | Plaintiff Pruvit Ventures, Inc. |
| Robert T. Slovak | Gardere Wynne Sewell LLP 2021 McKinney Avenue, Suite 1600 Dallas, Texas 75201 (214) 999-4334 (t) (214) 999-3334 (f) | 24013523 | Defendant Toney Freeman |

| Steven Lockhart | Gardere Wynne Sewell LLP<br>2021 McKinney Avenue,<br>Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4668 (t)<br>(214) 999-3668 (f) | 24036981 | Defendant Toney Freeman |
| Haleigh H. Jones | Gardere Wynne Sewell LLP<br>2021 McKinney Avenue,<br>Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4772 (t)<br>(214) 999-3772 (f) | 24097899 | Defendant Toney Freeman |

## VII.
### NO JURY TRIAL REQUEST

21.     Pursuant to Eastern District Local Rule 81(c)(4), no party has requested a jury trial.

## VIII.
### STATE COURT NAME AND ADDRESS

22.     In accordance with Eastern District Local Rule 81(c)(5), this case is being removed from the 199th Judicial District Court, Collin County, Texas, located at Russell A. Steindam Courts Building, 2100 Bloomdale Road, Suite 10030, McKinney, TX 75071.

## IX.
### NOTICE OF FILING REMOVAL

23.     In accordance with 28 U.S.C. § 1446(d), a copy of the written notice addressed to the adverse parties and the 199th Judicial District Court, Collin County, Texas, is attached hereto as Exhibit B.

## X.
### CONCLUSION

**WHEREFORE**, Defendant Toney Freeman respectfully removes this action from the 199th Judicial District Court, Collin County, Texas, Cause No. 199-01007-2018, to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

By:  */s/ Robert T. Slovak*_____
      ROBERT T. SLOVAK
      State Bar No. 24013523
      rslovak@gardere.com
      STEVEN C. LOCKHART
      State Bar No. 24036981
      slockhart@gardere.com
      HALEIGH H. JONES
      State Bar No. 24097899
      hjones@gardere.com

**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned Counsel hereby certifies that he notified Plaintiff via facsimile and electronic mail on March 23, 2018.

Mark L. Hill
mark.hill@solidcounsel.com
Anna S. Brooks
anna.brooks@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, TX 75034
(214) 472-2150 (fax)

                      */s/ Robert T. Slovak*_____
                       Robert T. Slovak

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PRUVIT VENTURES, INC. | TONEY FREEMAN |

| (b)   County of Residence of First Listed Plaintiff   Collin County, Texas | County of Residence of First Listed Defendant   Gwinnett County, Georgia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Mark L. Hill, Scheef & Stone,L.L.P., 2600 Network Blvd., Suite 400, Frisco, Texas 75034, (214) 472-2100 | Robert T. Slovak, Gardere Wynne Sewell LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75021, (214) 999-3000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 2   U.S. Government
      Defendant

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
      Proceeding

☒ 2   Removed from
      State Court

☐ 3   Remanded from
      Appellate Court

☐ 4   Reinstated or
      Reopened

☐ 5   Transferred from
      Another District
      *(specify)*

☐ 6   Multidistrict
      Litigation -
      Transfer

☐ 8   Multidistrict
      Litigation -
      Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Lawsuit for breach of contract, misappropriation of trade secrets, and tortious interference with contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
03/23/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Robert T. Slovak

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

199TH JUDICIAL DISTRICT COURT

# DOCKET SHEET
## CASE NO. 199-01007-2018

EXHIBIT A

| | | | |
|---|---|---|---|
| **Pruvit Ventures, Inc. vs. Toney Freeman** | § § § § | Location:<br>Judicial Officer:<br>Filed on: | **199th District Court**<br>**Tucker, Angela**<br>**03/02/2018** |

---

### CASE INFORMATION

Case Type: **All Other Civil Cases**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number            199-01007-2018
Court                        199th District Court
Date Assigned          03/02/2018
Judicial Officer         Tucker, Angela

---

### PARTY INFORMATION

*Lead Attorneys*

**Plaintiff**          **Pruvit Ventures, Inc.**          **Hill, Mark L**
*Retained*
214-472-2100(W)

**Defendant**          **Freeman, Toney**

**Pro Se**

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/02/2018 | Plaintiff's Original Petition (OCA) $298.00<br>*Plaintiff's Verified Original Petition and Application for Temporary and Permanent Injunction*<br>Party:  Plaintiff  Pruvit Ventures, Inc. | |
| 03/02/2018 | Case Information Sheet | |
| 03/02/2018 | Request for Citation $8.00<br>Party:  Plaintiff  Pruvit Ventures, Inc. | |
| 03/02/2018 | **Citation**<br>Freeman, Toney          served 03/02/2018 | |
| 03/05/2018 | Service Return<br>*Citation - Toney Freeman* | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Pruvit Ventures, Inc.
Total Charges                                                                    306.00
Total Payments and Credits                                              306.00
**Balance Due as of  3/22/2018**                                        0.00



---

PAGE 1 OF 1



STATE OF TEXAS      )
COUNTY OF COLLIN  )
I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D., 20 ___
                              LYNNE FINLEY, DISTRICT CLERK
                              COLLIN COUNTY, TEXAS
                                                            _____ DEPUTY



THE STATE OF TEXAS
CIVIL CITATION
CASE NO.199-01007-2018

Pruvit Ventures, Inc. vs. Toney Freeman

In the 199th District Court
Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Toney Freeman
1740 Highland Oaks Way
Lawrenceville GA  30043, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Verified Original Petition and Application for Temporary and Permanent Injunction** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 199th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Mark L Hill  2600 Network Blvd Suite 400  Frisco TX 75034 (Attorney for Plaintiff or Plaintiffs), on  March 02, 2018, in this case, numbered 199-01007-2018 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Verified Original Petition and Application for Temporary and Permanent Injunction** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 2nd day of March, 2018.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ , Deputy
Pam English

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

Filed: 3/2/2018 1:00 PM
Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 22899732

CAUSE NO. 199-01007-2018 _____

| | | |
|---|---|---|
| PRUVIT VENTURES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TONEY FREEMAN, | § | |
| | § | |
| *Defendant.* | § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

Plaintiff Pruvit Ventures, Inc. ("Pruvit" or "Plaintiff") files this Original Petition and Application for Temporary and Permanent Injunction against Defendant Tony Freeman ("Defendant"). In support thereof, Plaintiff respectfully shows the Court the following:

### I.    DISCOVERY LEVEL AND RULE 47 STATEMENT

1.    Plaintiff pleads for discovery under Level 3, pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.4. Plaintiff seeks damages in an amount within the jurisdictional limits of this Court. More specifically, Plaintiff seeks monetary relief of more than $1,000,000 and non-monetary relief.

### II.    PARTIES

2.    Plaintiff **Pruvit Ventures, Inc**. is a corporation authorized to conduct business in the state of Texas with a place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.    Defendant **Toney Freeman** is an individual resident of the State of Georgia, that can be served with process at **1740 Highland Oaks Way, Lawrenceville, GA 30043**, or wherever he may be found.

## III.    JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court.  This Court has personal jurisdiction over Defendant Freeman because Defendant regularly conducts business in Texas. Venue is proper in Collin County, Texas pursuant to §15.002(a) of the Texas Civil Practices & Remedies Code as all or substantially all of the events giving rise to Plaintiff's causes of action arose in Collin County.

## IV.    STATEMENT OF FACTS

5.      Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products.  Pruvit is a direct sales community based company that has promoters, called Pruvers, throughout the country that market and sell its unique products.

6.      Freeman is a body builder that maintains a substantial social media presence.

7.      Freeman entered into an agreement to become a speaker for Pruvit.

8.      Specifically, Freeman entered into a written Pruvit Conference Speaker Agreement (hereafter the "Agreement") that provided, in pertinent part:

> **"Non-Circumvention.  From the date of this Agreement and for a period of two (2) years following the Conference, Speaker agrees not to pursue or engage in any transaction relating to the business of Pruvit, including, without limitation, soliciting or engaging in any transaction with any employee, agent or representative of Pruvit (including other speakers at the Conference) without first obtaining the prior written consent of Pruvit in each such instance."**
>
> **(Agreement, page 4)**

---

9.      Freeman was a trusted spokesperson for Pruvit for years.  As part of Freeman's Speaker role, he was provided unique access to Pruvit's products and the technology, R&D, and manufacturing processes of Pruvit's products.  In fact, during his time as a Speaker for Pruvit, Freeman was permitted access and visited the lab and manufacturing facilities utilized by Pruvit to develop their products.

10.     Pruvit has discovered, *only a few months* after contracting with and speaking on behalf of Pruvit, that Freeman is now engaged to represent and sell products for a competitor of Pruvit.  Specifically, Freeman is a prolific marketer and seller of ketone products for a competitor company based in Collin County, Texas called Elevacity.

11.     Freeman is clearly not only pursuing, but actually engaging in transactions relating to the business of Pruvit, in direct violation of his Agreement.

12.     Moreover, from a cursory review of his social media accounts, it is believed that Freeman has been actively working with Elavacity for months.

13.     Freeman, most recently, has been found to be actively promoting that he is a "Super VIP" at the competitor Elevacity's "Happiness Convention", a conference being used to promote and launch their ketone products.

14.     Freeman's Agreement with Pruvit further provided:

> **"Confidentiality and Non-Disclosure.  Speaker will not, without the prior written consent of Pruvit, use or disclose any Confidential Information for its own benefit or the benefit of any third party."**
>
> **(Agreement, page 4)**

15.     The referenced company Freeman now promotes, Elevacity, is a new company that is actively developing and launching ketone products competitive to that of Pruvit.

16.    Freeman is believed to have been instrumental in working with Elevacity (and its principals) to develop ketone products, and in the process to have misappropriated, disclosed or otherwise used confidential information of Pruvit.

17.    Further yet, in addition to being a Speaker for Pruvit, Freeman also previously entered into a written agreement to be a Pruver representative that promoted and sold Pruvit ketone products.

18.    As part of Pruvit's business, it holds an exclusive sub-license to market ketone products that utilize the combination of BHB salts with MCT oils in the network marketing space. For years, Pruvit has actively marketed and sold a product line that utilizes this keto technology.

19.    In order to protect this license, the technology, Pruvit's customers, and its Pruvers, Pruvit requires each Pruver to execute a Pruvit Pruver Agreement (the "Pruver Agreement").

20.    The Pruver Agreement, in material part, prohibits a Pruver (such as Freeman), during the term of the Agreement and for a period of time following separation from Pruvit, from the following:

- **promoting products for other companies that compete with products offered by Pruvit;**

- **soliciting Pruvit promoters and customers for any other direct sales or network marketing business for a six (6) month period;**

- **disclosing any of Pruvit's confidential and/or proprietary trade secret information; and**

- **using Pruvit's confidential and/or proprietary trade secret information to compete with Pruvit for a two (2) year period.**

21.     Freeman's actions with the competitor not only violate his Speaker Agreement, but also his Pruver Agreement.

22.     As mentioned above, Freeman is actively promoting products for a competitive company that also sells ketone products.

23.     Worse yet, Freeman has also been actively recruiting other Pruver's join the competitor, Elevacity.   Freeman's various online and social media accounts, and that of numerous other Elevacity representatives with whom he has elected to associate, is replete with examples of Freeman's cross-recruiting activity.

24.     Freeman is obviously aware that the individuals he is recruiting away from Pruvit are subject to and bound by non-competition and confidentiality clauses in the Pruver Agreement – the same that Freeman himself was and is bound to follow. Despite such awareness, Freeman has proceeded to actively solicit *other* Pruvers and encourage them to leave Pruvit and sell competing ketone based products.

25.     Additionally, Freeman has engaged in a pattern of disparaging Pruvit and its ketone products in favor of Elevacity's ketone products.

26.     Freeman's conduct constitutes breach of the subject agreements and tortious interference with Plaintiff's contracts, specifically the Agreements with Plaintiff's Pruvers, current and future customers, and its manufacturers; as well as misappropriation by Freeman of Pruvit's confidential information and trade secrets.

27.     Due to Freeman's wrongful conduct made a subject herein, Pruvit seeks the Court enjoin Freeman from further harming Pruvit in violation of the agreements, and award Pruvit injunctive relief and all damages related to the improper conduct of Freeman.

## V.     CAUSES OF ACTION

28.     The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

### COUNT 1 – BREACH OF CONTRACT

29.     Pruvit and Freeman entered into the above-referenced Speaker Agreement and Pruver Agreement.  The agreements specifically provided, in pertinent part, that: (i) Freeman not pursue or engage in business relating to Pruvit for a period of two years, (ii) Freeman not solicit any representative of Pruvit without Pruvit's consent, (iii) Freeman not promote competitive products, and (iv) Freemen not disclose or otherwise use any confidential information of Pruvit.

30.     Pruvit performed under its agreements with Freeman.

31.     Freeman has breached the agreements, and as detailed above, has been discovered to be engaging in transactions relating to the business of Pruvit, promoting and selling competitive ketone products, soliciting other Pruvers, and using confidential information of Pruvit for his own benefit and/or that of a competitor.

32.     As a result of these breaches, Pruvit has suffered harm, and will continue to suffer actual damage or loss, including lost profits, loss of good will and harm to customer relationships, and loss of future contracts and business prospects, for which Freeman is liable.

### COUNT 2 – MISAPPROPRIATION OF TRADE SECRETS, TEXAS UNIFORM TRADE SECRETS ACT

33.     Pruvit has a possessory right to its trade secret and confidential information. Freeman, who was in a position of trust with unique access to Pruvit's product development and

manufacturing, wrongfully disclosed or otherwise used confidential information of Pruvit. In addition, Freeman has been found to be actively using this information to compete with Plaintiff and to gain a business advantage for himself, and that of his new employer, and usurp business opportunities belonging to Plaintiff.

34.    Freeman misappropriated Pruvit's confidential information by using and/or disclosing it without Pruvit's consent even though Freeman knew at the time that the information was being disclosed under unlawful and/or otherwise improper circumstances.

35.    This is protected trade secret information from which Pruvit receives economic value. It is not generally known, and Pruvit has taken reasonable efforts to maintain its secrecy. The trade secret information was misappropriated as defined by the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code § 134A.002(3), when Defendant used it to gain an advantage and steal and/or usurp business opportunities from Plaintiff. As a result of this misappropriation, Pruvit has lost business opportunities and suffered harm.

36.    Pruvit alleges the subject confidential information was misappropriated willfully and maliciously by Freeman. As a proximate result of such willful and malicious action, Pruvit has suffered, and will continue to suffer, actual damages, including but not limited to loss of good will, harm to customer relationship, and loss of future contracts and business prospects, for which Freeman is liable.

## COUNT 3 – TORTIOUS INTERFERENCE WITH CONTRACT

37.    Pruvit was a party to valid contracts with third parties or had had a reasonable probability that the Pruvit would have entered into a business relationship with third parties.

38.    Freeman has willfully interfered with those contracts or potential contracts, intentionally encouraging current contracted Pruvers and customers of Pruvit to cease doing

business with Pruvit. Freeman's interference with Pruvit's contracts proximately caused Pruvit actual damages and losses. Moreover, Freeman's interference has caused disruption to Pruvit's business, an irreparable harm for which injunctive relief is appropriate.

## VI.    REQUEST FOR DISCLOSURE

39.    With the filing of this Original Petition and Application for Temporary Injunction and Permanent Injunction, Pruvit makes a request for disclosure to Freeman pursuant to Tex. R. Civ. P. 194.

## VII.    APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

40.    The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

41.    Pruvit's Application for Temporary Injunction is authorized by Texas Civil Practice and Remedies Code Section 65.011(2), (3), and (5).

42.    Pruvit is likely to suffer permanent and irreparable harm if an injunction is not entered. There is no other adequate remedy at law and Pruvit seeks the equitable intervention of this Court.

43.    For the reasons stated in this petition and application, Pruvit requests the Court issue a Temporary Injunction enjoining the conduct outlined in the preceding paragraphs.

44.    **Conduct to be Restrained.** In order to preserve the status quo pending the final trial on the merits of this case, Pruvit asks this Court to issue a Temporary Injunction to restrain and enjoin Freeman, his respective agents, attorneys, servants, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under his control and/or direction, or acting in active concert and participation with Freeman, from engaging in any of the following:

---

a.  Directly or indirectly disclosing or otherwise using any confidential information relating to Pruvit, including but not limited to Pruvit product development and manufacturing related information, obtained during the terms of his Speaker and Pruver Agreements or anytime thereafter;

b.  Directly or indirectly disclosing or otherwise using any confidential information relating to Pruvit, including but not limited to Pruvit Pruver or customer lists, contact information, and internal or back-office information relating to sales and other financial information, obtained during the terms of his Speaker and Pruver Agreements or anytime thereafter;

c.  Pursuing or engaging in any transactions relating to the business of Pruvit, including any soliciting, promotion or selling of ketone products with a company other than Pruvit; and

d.  Taking any action which would impair or diminish the value of Plaintiff's property, assets, intellectual property, trade secrets or other confidential or proprietary information.

45.  **Plaintiff is Likely to Succeed on the Merits.** Pruvit has a probable right to relief upon final hearing.  In particular, Pruvit will present evidence of Freeman breach of contract, misappropriation of trade secrets, tortious interference with contracts, as well as evidence concerning the causation and extent of Pruvit's damages.

46.  **Harm to Plaintiff is Imminent and Irreparable.** Harm to Pruvit is imminent and irreparable.  Freeman's conduct is ongoing, and has caused and will continue to cause irreparable harm to Pruvit.  The damage to Pruvit's reputation and that of his products, as well as the continuing disruption caused by Freeman to Pruvit's business and assets is immeasurable.  Moreover, so long as Freeman's conduct continues, it will be impossible to identify the extent of the harm to Pruvit and quantify Pruvit's damages.

47.  It is well-settled that injunctive relief is recognized as a proper remedy to protect confidential information and trade secrets. *Rugen v. Interactive Bus. Sys., Inc.* 864 S.W.2d 548, 551 (Tex.App.—Dallas 1993, no writ) (an injunction is appropriate when necessary to prohibit a

former employee from using confidential information to solicit his former employer's clients).

48.     **No Adequate Remedy at Law.** In the absence of injunctive relief, Pruvit has no adequate remedy at law. It is essential the Court immediately restrain Freeman from continuing the conduct described herein. Pruvit is willing to post a bond in connection with any temporary injunction, if required by the Court, in accordance with Texas Rule of Civil Procedure 684.

49.     **Hearing.** In compliance with the Texas Rules of Civil Procedure, Pruvit is entitled to a hearing providing the relief requested above to give them an opportunity to be heard by the Court. Plaintiff requests that the Court set a hearing to consider whether temporary Pruvit relief should be granted pending a trial on the merits.

50.     **Permanent Injunctive Relief.** Pruvit further pleads for a permanent injunction, enjoining Freeman from engaging in the above acts, following a trial of this cause.

### VIII.   CONDITIONS PRECEDENT

51.     All conditions precedent to Pruvit's right to bring the above causes of action, and for recovery requested herein, have been performed or otherwise already occurred.

### IX.     EXEMPLARY DAMAGES

52.     Pruvit is entitled to exemplary damages for Freeman's intentional conduct, and because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages, and Pruvit seeks an award of such damages.

### X. ATTORNEY FEES

53.     Freeman's acts were committed willfully and maliciously. Therefore, Pruvit seeks the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 and 134A.005(3).

## XI.  CONCLUSION

54.    **WHEREFORE, PREMISES CONSIDERED**, Pruvit requests Freemna be cited to appear and answer, and that upon final hearing, Pruvit have the following:

(1)    A Temporary Injunction and Permanent Injunction be issued enjoining Freeman, and their respective agents, servants, entities and employees from the conduct described herein;

(2)    Pruvit be granted judgment against Freeman for damages within the jurisdictional limits of this Court;

(3)    Freeman be disgorged of any profits obtained because of the subject breaches, misappropriations, and improper conduct referenced herein;

(4)    Pruvit be granted judgment against Freeman for exemplary damages within the jurisdictional limits of this Court;

(5)    Pruvit be granted judgment against Freeman for reasonable and necessary attorneys' fees, costs of suit, and pre- and post-judgment interest; and

(6)    Pruvit be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**


By: /s/ Mark L. Hill

     **MARK L. HILL**
     State Bar No. 24034868
     mark.hill@solidcounsel.com

     **ANNA S. BROOKS**
     State Bar No. 24074147
     anna.brooks@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Facsimile

***ATTORNEYS FOR PLAINTIFF***
***PRUVIT VENTURES, INC.***

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF COLLIN** | § |

Before me, the undersigned Notary Public, on this day personally appeared Angie L. Ewing who, after being duly sworn, stated under oath that she is a paralegal for Plaintiff in this action, that she has read the facts stated in Plaintiff's Verified Original Petition and Application for Temporary Injunction and Permanent Injunction (the "Application"), that she is authorized to make this verification and apply for injunctive relief and that every statement of fact contained in the Application is within his personal knowledge and is true and correct.



_____
Angie L. Ewing

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 2nd day of March, 2018, to certify which witness my hand and official seal.

KATHERINE E STRONG
Notary ID #131161669
My Commission Expires
June 7, 2021

_____
Notary Public for the State of Texas

EXHIBIT B

Cause No. 199-01007-2018

| | |
|---|---|
| PRUVIT VENTURES, INC., | In the District Court |
| Plaintiff, | |
| v. | Collin County, Texas |
| TONEY FREEMAN, | |
| Defendant. | 199th Judicial District |

## NOTICE OF FILING OF REMOVAL

To:     The Clerk of the District Court of Collin County, Texas and all counsel of record.

You are hereby notified that on March 23, 2018, Defendant Toney Freeman filed a Notice of Removal, a true and correct copy of which is attached hereto, for the purpose of removing this case to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

By:  */s/ Robert T. Slovak*_____
      ROBERT T. SLOVAK
      State Bar No. 24013523
      rslovak@gardere.com
      STEVEN C. LOCKHART
      State Bar No. 24036981
      slockhart@gardere.com
      HALEIGH H. JONES
      State Bar No. 24097899
      hjones@gardere.com

**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

     The undersigned Counsel hereby certifies that he notified Plaintiff via facsimile and electronic mail on March 23, 2018.

Mark L. Hill
mark.hill@solidcounsel.com
Anna S. Brooks
anna.brooks@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, TX 75034
(214) 472-2150 (fax)

                */s/ Robert T. Slovak*_____
                Robert T. Slovak

EXHIBIT C

## Franchise Tax Details

×

| **Franchise Search Results** | Public Information Report |



As of : 03/22/2018 17:09:20

**This Page is Not Sufficient for Filings with the Secretary of State**
Obtain a certification for filings with the Secretary of State.

| PRUVIT VENTURES, INC. | |
|---|---|
| Texas Taxpayer Number | 32055772589 |
| Mailing Address | 901 SAM RAYBURN HWY MELISSA, TX 75454-2218 |
| ❸ Right to Transact Business in Texas | ACTIVE |
| State of Formation | TX |
| Effective SOS Registration Date | 11/25/2014 |
| Texas SOS File Number | 0802107576 |
| Registered Agent Name | JENIFER GRACE |
| Registered Office Street Address | 901 SAM RAYBURN HWY. MELISSA, TX 75454 |

Close